**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**VINCENT JOHNSON,**

     **Petitioner,**

**v.**                           **Case No.  3:16cv591-LC/CAS**

**JULIE L. JONES, Secretary,
Department of Corrections,**

     **Respondent.**
_____/

## REPORT AND RECOMMENDATION TO DENY § 2254 PETITION

On November 1, 2016, Petitioner, Vincent Johnson, a prisoner in the custody of the Florida Department of Corrections, proceeding pro se, under the mailbox rule, filed a petition for writ of habeas corpus, with exhibits, pursuant to 28 U.S.C. § 2254.  ECF No. 1.  On September 14, 2017, Respondent filed an answer with exhibits.  ECF No 17.  Petitioner filed a reply on October 9, 2017.  ECF No. 20.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).  After careful consideration of all the issues raised, the undersigned has determined that no evidentiary hearing is required for disposition of this case.  *See* Rule 8(a), R. Gov.

§ 2254 Cases in U.S. Dist. Cts.  For the reasons set forth herein, the pleadings and attachments before the Court show that Petitioner is not entitled to federal habeas relief and this § 2254 petition should be denied.

## Background and Procedural History

On October 15, 2014, pursuant to a plea agreement, Petitioner entered best interest guilty pleas in three cases in the Circuit Court of Escambia County, Florida: case number 2014-2577, charging robbery without a weapon; case number 2014-2578, charging Count 1, robbery without a weapon, and Count 2, aggravated battery on a pregnant person; and case number 2014-2579, charging resisting an officer without violence. Ex. A at Ex. A at 12-15, 95-97.[1]  The plea agreement did not contain an agreed sentence in exchange for the open pleas, but did provide that the state would enter a nolle prosequi on a burglary charge in case number 2014-2579 and that victim injury points would not be scored in the sentencing scoresheet.  Ex. A at 12, 105, 131, 146-49.

Petitioner was adjudicated guilty and sentenced to fifteen years in prison in case number 2014-2577.  In case number 2014-2578, he was sentenced to fifteen years on Count I to run consecutive to the sentence in

---

[1] Hereinafter, citations to the state court record, "Ex. –," refer to exhibits A through J submitted in conjunction with Respondent's answer.  *See* ECF No. 17.

case number 2014-2577.  In Count 2, Petitioner was sentenced to fifteen years in prison to run concurrent to the sentence in Count 1.  In case number 2014-2579, he was sentenced to time served on the charge of resisting an officer without violence.  Ex. A at 132-34.

Petitioner appealed the judgment and sentence to the state First District Court of Appeal and an <u>Anders</u> brief was filed.[2]  Ex. C.  Petitioner was given leave to file his own brief but did not do so.  Ex. D.  The district court affirmed per curiam without a written opinion on September 16, 2015, and the mandate was issued on October 13, 2015.  Ex. E.  *See* <u>Johnson v. State</u>, 174 So. 3d 998 (Fla. 1st DCA 2015) (Table).

On November 3, 2015, Petitioner filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850.  Ex. F at 1.  In the motion, he contended that his trial counsel rendered ineffective assistance by advising him he would be placed in the Keeton inpatient substance abuse treatment program in exchange for a guilty plea and that his counsel rendered ineffective assistance by failing to move to withdraw his plea after sentencing when he did not receive substance abuse treatment in lieu of prison.  Ex. F at 4, 6.  The post-conviction court denied

---

[2] <u>Anders v. California</u>, 386 U.S. 738 (1967) (requiring appointed counsel who finds an appeal to be wholly frivolous to advise the court but submit a brief referring to anything in the record that might arguable support an appeal).

the motion without a hearing, concluding that even if trial counsel was deficient, Petitioner could not meet the prejudice prong of <u>Strickland v Washington</u>, 488 U.S. 669 (1984), which requires in the context of a plea that the defendant show that but for a deficiency of counsel, the defendant would not have pled guilty and would have gone to trial.  Ex. F at 23-27. The court concluded that Defendant's claims that he entered pleas only because his counsel misadvised him he would not get a prison sentence were refuted by the record of the plea hearing at which the court told Petitioner that the sentencing decision was solely up to the court and that "if anyone says . . . that they know what sentence I'll impose and they tell you what the sentence is, or if anyone tells you I'm not going to sentence you to prison . . . do you understand that you cannot rely on that?"  Ex. F at 26 (quoting Ex. A at 94).  The post-conviction court also denied the claim that his counsel was ineffective for not filing a motion to withdraw the plea. Ex. F at 26.  The court found that Petitioner has not shown that his counsel had legal grounds to file a motion to withdraw plea or that he was prejudiced by the failure to file the motion in that there was no reasonable likelihood that the motion would have been granted.

Petitioner appealed and on July 19, 2016, the First District Court of Appeal affirmed per curiam without written opinion.  Ex. H.  Rehearing was

denied and the mandate was issued on September 8, 2016.  Exs. I, J.  *See*

Johnson v. State, 197 So. 3d 558 (Fla. 1st DCA 2016) (Table).

On November 1, 2016, Petitioner filed his petition for writ of habeas

corpus pursuant to 28 U.S.C. § 2254 in this Court raising the following

grounds for relief:

> (1) Trial counsel rendered ineffective assistance by advising Petitioner that if he entered an open plea to the charges, he would receive a drug program in exchange for the plea.  ECF No. 1 at 5, 49,

> (2) Trial counsel rendered ineffective assistance by failing to file a motion to withdraw the guilty pleas after Petitioner was not given a drug program in exchange for his pleas.  ECF No. 1 at 6, 50-51.

> (3) Trial counsel rendered ineffective assistance by failing to ensure that a proper and complete plea colloquy was conducted prior to entry of Petitioner's guilty pleas.  ECF No. 1 at 8, 52-54.

## Analysis

### A. Legal Standards

Pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and

Effective Death Penalty Act of 1996 (AEDPA), federal courts may grant

habeas corpus relief for persons in state custody only under certain

specified circumstances.  Section 2254(d) provides in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on

the merits in State court proceedings unless the adjudication of the claim—

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  *See also* Cullen v. Pinholster, 563 U.S. 170, 181 (2011); Gill v. Mecusker, 633 F.3d 1272, 1287 (11th Cir. 2011).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts."  Williams v. Taylor, 529 U.S. 362, 412-13 (2000) (O'Connor, J., concurring).  "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Id.* at 413 (O'Connor, J., concurring).

The Supreme Court has explained that "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Harrington v. Richter, 562 U.S. 86, 102 (2011).  The Court stated:

> As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings. . . . It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no further. Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal. <u>Jackson v. Virginia</u>, 443 U.S. 307, 332, n.5 (1979) (Stevens, J., concurring in judgment). As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Id.* at 102-03 (citation omitted). The federal court employs a " 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.' " <u>Pinholster</u>, 563 U.S. at 181 (quoting <u>Woodford v. Visciotti</u>, 537 U.S. 19, 24 (2002)).

This Court's review "is limited to the record that was before the state court that adjudicated the claim on the merits." <u>Pinholster</u>, 563 U.S. at 181. The state court's factual findings are entitled to a presumption of correctness and to rebut that presumption, the Petitioner must show by clear and convincing evidence that the state court determinations are not fairly supported by the record. *See* 28 U.S.C. § 2254(e)(1). However, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions" and "[i]n conducting habeas review,

a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). *See also* Swarthout v. Cooke, 562 U.S. 216, 222 (2011) ("[W]e have long recognized that 'a "mere error of state law" is not a denial of due process.' " (quoting Engle v. Isaac, 456 U.S. 107, 121, n.21 (1982))).

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b). The Petitioner must have apprised the state court of the federal constitutional claim, not just the underlying facts of the claim or a "somewhat similar state-law claim." Snowden v. Singletary, 135 F.3d 732, 735 (11th Cir. 1998) (quoting Anderson v. Harless, 459 U.S. 4, 5-6 (1982)). In regard to claims of ineffectiveness of trial counsel, the Petitioner must have presented those claims in state court " 'such that a reasonable reader would understand each claim's particular legal basis and factual foundation.' " Ogle v. Johnson, 488 F.3d 1364, 1368 (11th Cir. 2007) (citing McNair, 416 F.3d at 1302).

The United States Supreme Court has adopted a two-part test for claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was
> deficient.  This requires showing that counsel made errors so
> serious that counsel was not functioning as the "counsel"
> guaranteed the defendant by the Sixth Amendment.  Second,
> the defendant must show that the deficient performance
> prejudiced the defense.  This requires showing that counsel's
> errors were so serious as to deprive the defendant of a fair trial,
> a trial whose result is reliable.

Strickland v. Washington, 466 U.S. 668, 687 (1984).  To demonstrate

deficient performance, a "defendant must show that counsel's performance

fell below an objective standard of reasonableness."  *Id.* at 688.  Counsel is

"strongly presumed to have rendered adequate assistance and made all

significant decisions in the exercise of reasonable professional judgment."

Burt v. Titlow, 134 S. Ct. 10, 17 (2013) (quoting Strickland, 466 U.S. at

690).  Federal courts are to afford "both the state court and the defense

attorney the benefit of the doubt."  *Id.* at 13.  The reasonableness of

counsel's conduct must be viewed as of the time of counsel's conduct.  *See*

Maryland v. Kulbicki, 136 S. Ct. 2, 4 (2015) (citing Strickland, 466 U.S. at

690).

To demonstrate prejudice under Strickland, a defendant "must show

that there is a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different."  466 U.S. at

694.  "A reasonable probability is a probability sufficient to undermine

confidence in the outcome."  *Id.*  For this Court's purposes, "[t]he question

'is not whether a federal court believes the state court's determination'
under the Strickland standard 'was incorrect but whether that determination
was unreasonable—a substantially higher threshold.' " Knowles v.
Mirzayance, 556 U.S. 111, 123 (2009) (quoting Schriro v. Landrigan, 550
U.S. 465, 473 (2007)). Both deficiency and prejudice must be shown to
demonstrate a violation of the Sixth Amendment. Thus, the court need not
address both prongs if the petitioner fails to prove one of the prongs.
Strickland, 466 U.S. at 697. "[B]ecause the Strickland standard is a
general standard, a state court has even more latitude to reasonably
determine that a defendant has not satisfied that standard." Mirzayance,
556 U.S. at 123. It is a "doubly deferential judicial review that applies to a
Strickland claim evaluated under the § 2254(d)(1) standard." Id.

## B. Discussion

**Ground One:  Ineffective assistance of counsel by advising
Petitioner that if he entered an open plea to the charges, he
would receive a drug program in exchange for the plea.**

Petitioner contends that his trial counsel misadvised him that if he
entered an open guilty plea, he would receive only a referral to substance
abuse treatment and not prison. ECF No. 1 at 5, 49. He argued in the
post-conviction court that based on advice of counsel, he had "high
expectations" of receiving an inpatient drug program in exchange for a

guilty plea, and that he was evaluated for and found qualified for admission to the Keeton inpatient substance abuse treatment program.  Ex. F at 6. He contends that the fact that he was evaluated for entrance into the Keeton inpatient substance abuse program and was found eligible proves that his counsel promised him he would get substance abuse treatment in exchange for his plea.

Petitioner contends, as he did in the post-conviction court, that his counsel gave him this advice both before and after the plea hearing, in spite of the fact that the trial court expressly told Petitioner (at the plea hearing) that he could receive a prison sentence and that if anyone tells him they know what his sentence will be or "if anyone tells you I'm not going to sentence you to prison," you cannot rely on that.[3]  Ex. A at 94. Petitioner alleged in his motion for post-conviction relief that counsel told him during an interview at the Escambia County jail that if he entered the guilty pleas, counsel "will get you a drug program, but there may other stipulations as well."  Ex. F at 4.  Petitioner also alleged that after the court advised him at the plea hearing that he should not rely on anyone's statement concerning whether he will get a prison sentence, counsel told him that "it would not change what they talked about in the Escambia

---

[3] *See also* discussion *infra* at 15-16.

County Jail, concerning the Defendant receiving a drug program in exchange for a guilty plea." Ex. F at 3.  Defendant alleged that but for the misadvice of counsel he would not have entered the pleas and would have gone to trial.

The Supreme Court has limited the circumstances under which a guilty plea or its equivalent may be attacked on collateral review. *See, e.g.*, Bousley v. United States, 523 U.S. 614, 621 (1998).  A voluntary and intelligent plea by a person advised by competent counsel may not be collaterally attacked, and "even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." *Id.*  A plea is voluntary in a constitutional sense "unless induced by threats . . . , misrepresentations . . . , or perhaps by promises that are by their nature having no proper relationship to the prosecutor's business." *Id.* at 619 (quoting Brady v. United States, 397 U.S. 742, 755 (1970)).  A plea is considered intelligently made if the accused is reasonably informed of the true nature of the charge.  Henderson v. Morgan, 426 U.S. 637, 645 (1976).  "A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action." Brady, 397 U.S. at 757 (1970).

The Strickland test is applicable in habeas challenges to the

voluntariness of a plea when ineffective assistance of counsel is alleged.

Hill v. Lockhart, 474 U.S. 52, 58 (1985); Premo v. Moore, 562 U.S. 115,

125 (2011).  Judicial scrutiny in this context is highly deferential.  *See e.g.*,

United States v. Freixas, 332 F.3d 1314, 1319 (11th Cir. 2003).  The

decision to plead prior to receipt of the evidence involves the making of

difficult judgments, and the requirement that a plea must be intelligently

made "is not a requirement that all advice offered by the defendant's lawyer

withstand retrospective examination in a post-conviction hearing."  McMann

v. Richardson, 397 U.S. 759, 769-70 (1970).  A defendant who enters a

plea may not raise claims relating to deprivation of constitutional rights

occurring before the plea, but may only attack the voluntariness of the plea

by showing counsel's advice fell below the McMann Standard.  Tollett v.

Henderson, 411 U.S. 258, 267 (1973).

The U.S. Supreme Court has explained:

A plea of guilty and the ensuing conviction comprehend all of
the factual and legal elements necessary to sustain a binding,
final judgment of guilt and a lawful sentence.  Accordingly,
when the judgment of conviction upon a guilty plea has become
final and the offender seeks to reopen the proceeding, the
inquiry is ordinarily confined to whether the underlying plea was
both counseled and voluntary.  If the answer is in the affirmative
then the conviction and the plea, as a general rule, foreclose
the collateral attack.

United States v. Broce, 488 U.S. 563, 569 (1989); *see also* Mabry v.

Johnson, 467 U.S. 504, 508 (1984) ("It is well settled that a voluntary and

intelligent plea of guilty made by an accused person, who has been

advised by competent counsel, may not be collaterally attacked."),

disapproved of in part on other grounds, Puckett v. United States, 556 U.S.

129, 138 n.1 (2009).

  To satisfy the prejudice prong of Strickland in the context of a habeas

challenge to a conviction based on a plea, the petitioner must establish that

the deficient performance affected the outcome of the plea process and

that, but for counsel's errors, the petitioner would not have entered the plea

and would have insisted on going to trial.  Hill, 474 U.S. at 58-59.  "It is not

enough for [petitioner] to show that the errors had some conceivable effect

on the outcome of the proceeding."  Strickland, 466 U.S. at 693.

  "[T]he representations of the defendant, his lawyer, and the

prosecutor at [the plea hearing], as well as any findings made by the judge

accepting the plea, constitute a formidable barrier in any subsequent

collateral proceedings.  Solemn declarations in open court carry a strong

presumption of verity."  Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).

When, at a plea colloquy, the presiding judge correctly advises a defendant

about the consequences of pleading guilty, the judge's advice cures any

contrary advice by counsel.  *See, e.g.*, United States v. Shedrick, 493 F.3d

292, 299 (3d Cir. 2007) (holding that an erroneous prediction by counsel is

not ineffective assistance where an adequate plea hearing was conducted

and written plea agreement accurately stated the potential sentence);

United States v. Wilson, 245 F. App'x 10, 12 (11th Cir. 2007); Gordon v.

United States, Nos. 3:12cr1265-J-34JRK, 3:10cr130-J-34JRK, 2015 WL

413102, at *10 (M. D. Fla. Jan. 30, 2015).

The plea agreement in this case, in paragraph 7, stated that

Petitioner understands the maximum period of imprisonment as set forth in

the sentencing guidelines.  Ex. A at 13.  The sentencing scoresheet

attached to the plea agreement indicated a maximum possible prison

sentence of 45 years and a lowest permissible prison sentence of 87.15

months.  Ex. A at 18.  Petitioner signed this plea agreement and attested

under oath to his reading, understanding, and signing of it at the plea

hearing.  Ex. A at 86.

Also at the plea hearing, Petitioner's counsel announced to the court,

in the presence of the defendant, that "[b]oth Mr. Johnson and I discussed

the downward departure mitigators and the max.  We, you know, discussed

the whole range of possibilities."  Ex. A at 84.  The judge asked Petitioner if

that was correct, to which he responded, "Yes, Sir."  *Id.*  The judge verbally

advised Petitioner of the maximum penalty for each charge to which Petitioner would be entering a guilty plea and that there was no agreement as to the sentence.  Ex. A at 87.  The court stated, "So that would mean that you would [be] pleading to three second degree felonies and the maximum possible sentence would be 45 years in prison.  Do you understand that?"  Ex. A at 88.  Petitioner answered in the affirmative.  *Id.* The court verbally advised Petitioner of the lowest permissible prison sentence reflected on the sentencing scoresheet without a basis for departure.  *Id.*  The court then cautioned Petitioner that if he found no ground for a departure, "the sentence is going to be nothing less than 87 months, and it could be more.  Do you understand?"  Ex. A at 91.  The court also advised, "This plea agreement does not provide for a cap on the sentence.  Do you understand?" and Petitioner responded that he did.  *Id.*

When Defendant expressed some concern that he thought 87 months was a cap, he was given time to discuss it further with his attorney, with the warning that "[u]nless it's part of the negotiated plea agreement that there be a cap, or that there be a specific sentence imposed, nobody can tell you what sentence will be imposed except me.  Do you understand?" to which Petitioner responded in the affirmative.  Ex. A at 91-92.  After conferring with counsel, the court again advised Petitioner that "the decision of what

the sentence will be will be my decision" and that decision had not yet been

made.  Ex. A at 94.  The following colloquy occurred:

> THE COURT:  And if anyone says anything to you that they know what the sentence I'll impose and they tell you what the sentence is, or if anyone tells you I'm not going to sentence you to prison, or if they tell you the prison sentence will be shorter than the criminal punishment code, or not longer than the criminal punishment code, do you understand that you cannot rely on that?
> THE DEFENDANT: Yes, sir.
> . . . .
> THE COURT:  Any questions about the potential sentence you are facing?
> THE DEFENDANT: No, sir.

*Id.*  Petitioner then proceeded to enter his guilty pleas to the charges

pursuant to the agreement.  The court found after the pleas that Petitioner

was "alert, intelligent and he understands the nature and consequences of

the charges against him and of the significance of entering a plea.  His plea

is freely and knowingly and voluntarily made and is supported by a

sufficient factual basis."  Ex. A at 98.

After the trial court gave numerous cautions to Petitioner that he was

facing a possible prison term of up to 45 years regardless of anything

anyone may have advised him to the contrary, and after Petitioner

confirmed numerous times that he understood, Petitioner chose to enter

the guilty pleas pursuant to the terms of the plea agreement.  This record

belies any claim that if Petitioner had known he might get a prison sentence instead of drug treatment, he would have insisted on going to trial. Petitioner even agreed, under oath, at the sentencing hearing that at the first meeting with his lawyer, he advised counsel he would not be going to trial but would face whatever he had to face and that he quickly entered guilty pleas.  Ex. A at 110-11.

The record demonstrates that Petitioner hoped to get a downward departure sentence.  At the sentencing hearing, Petitioner's counsel asked for a downward departure, and presented Petitioner to testify as to why a downward departure would be appropriate, which testimony included the fact that he was found eligible for a drug treatment program.  Ex. A at 108-09, 124.  Petitioner contends that the fact that he was evaluated for and found eligible for the Keeton inpatient treatment program is evidence that his counsel promised him this would occur.  However, evaluation and eligibility for treatment is not evidence of counsel's promise—it is only evidence that if the sentencing court found a downward departure was appropriate, Petitioner might receive needed inpatient treatment.

The post-conviction court found that, even if counsel was deficient, Petitioner cannot demonstrate prejudice because he was fully advised by the court numerous times prior to entry of the plea that there was no

agreement that he would not receive prison. This post-conviction court adjudication was affirmed on appeal and has not been shown to be unreasonable. Because Petitioner cannot show that the state court adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or that it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence in the State court proceedings, he is not entitled to habeas relief under § 2254. Relief on this ground should be denied.

> **Ground Two:  Ineffective assistance of counsel by failing to file a motion to withdraw the guilty pleas after Petitioner was not given a drug program in exchange for his pleas.**

Petitioner claims, as he did in his Rule 3.850 motion, that his trial counsel rendered ineffective assistance by failing to file a motion to withdraw plea after he was sentenced to prison. ECF No. 1 at 6, 50-51. Petitioner contends that at the sentencing hearing, when he heard the imposition of sentences of imprisonment, he immediately directed counsel to file a motion alleging that the plea was involuntary. He contends counsel "had his hand over the microphone, therefore that statement is not on the face of the record." *Id.* at 50. He contends that counsel told him he would

file the motion to withdraw the plea, but did not do so and the time to file

such a motion expired.  *Id.*

This claim was summarily denied by the post-conviction court in an

order stating:

> Defendant's second claim is similarly without merit, in that
> Defendant has not shown, based on this record, that his
> counsel had legal grounds to file a motion to withdraw plea, nor
> has he shown that he was prejudiced by counsel's failure to do
> so, in that it does not appear that such a motion would have
> been properly granted.

Ex. F at 26-27.  In making that ruling, the post-conviction court noted in a

footnote that Petitioner had attached to his Rule 3.850 motion a pro se

motion to vacate or withdraw his plea in which he alleged that trial counsel

had led him to believe he would "get a suspended sentence followed by

(24) months of community control and (3) years probation."  *Id.*  Thus,

Petitioner's motion for post-conviction relief alleged both that counsel told

him he would receive substance abuse treatment in exchange for his plea

and that counsel told him he would receive a suspended sentence and 24

months of community control followed by three years probation in

exchange for his plea.  Ex. F at 19, 20.

In Florida, a defendant who seeks to withdraw a plea of guilty after

sentencing must demonstrate manifest injustice in addition to showing one

of the grounds set forth in Florida Rule of Appellate Procedure 9.140(b).

Those grounds include lack of subject matter jurisdiction, violation of the plea agreement, and involuntariness of the plea.  Campbell v. State, 125 So. 3d 733, 736 (Fla. 2013); State v. Partlow, 840 So. 2d 1040, 1042 (Fla. 2003).  Petitioner contends his plea was involuntary because he did not obtain drug treatment in lieu of prison, which he now contends his counsel promised him.  As discussed in Ground One, the trial court emphasized numerous times that the sentencing scoresheet provided for a sentence in the range of a minimum permissible sentence of 87 months to a maximum permissible sentence of 45 years.  He was cautioned a number of times that no specific sentence, or lack of a prison sentence, was promised to him and that the decision was the court's alone to make.  Because Petitioner was fully apprised by the court that any promise made to him by anyone concerning the sentence could not be relied upon, his plea of guilty in light of these caveats cannot be viewed as involuntary—and his plea and resulting sentences do not meet the requirement of manifest injustice under the circumstances of this case.  The post-conviction court reasonably concluded that even if a motion to withdraw plea after sentencing had been filed, it had no reasonable probability of success.  For this reason, the prejudice prong of Strickland has not been met.

Based on Florida law, the facts surrounding the entry of the plea, the plea agreement, and the sentencing scoresheet in this case, the post-conviction court's adjudication of this claim has not been shown to be contrary to or involving an unreasonable application of clearly established federal law or that it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence in the State court proceedings.  Thus, Petitioner is not entitled to habeas relief on his second ground.

> **Ground Three:  Ineffective assistance of counsel by failing to ensure that a proper and complete plea colloquy was conducted prior to entry of Petitioner's guilty pleas.**

Petitioner contends in this ground that his counsel failed in an obligation to ensure that the trial court conduct a proper plea colloquy.  He contends that counsel should have made sure the court expressly inquired if anyone had made him any promises to induce his plea at the plea hearing held October 15, 2014.  ECF No. 1 at 8, 52-54.  This claim was raised by way of a notice of supplemental authority in his appeal to the First District Court of Appeal from denial of post-conviction relief.  Ex. G.  The appellate court affirmed without discussion.  Exs. H, I.  This specific claim was not raised in the motion for post-conviction relief and was not ruled on by the post-conviction court.  *See* Ex. F at 1-8.  Thus, Petitioner failed to

provide each appropriate state court with the opportunity to rule on this claim.

In order to exhaust his claims in state court, Petitioner must "fairly present" his claim in each appropriate state court in order to alert the state courts to the federal nature of the claim. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 275 (1971); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). The State must have been provided the " 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Henry, 513 U.S. at 365) (quoting Picard, 404 U.S. at 275 (citation omitted)). "This rule of comity reduces friction between the state and federal court systems by avoiding the 'unseem[liness]' of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." O'Sullivan, 526 U.S. at 845; *see also* Picard, 404 U.S. at 275 ("If the exhaustion doctrine is to prevent 'unnecessary conflict between courts equally bound to guard and protect rights secured by the Constitution,' it is not sufficient merely that the federal habeas applicant has been through the state courts." (citation omitted)). Petitioner concedes in his petition that he did not present this issue to the state post-conviction court. ECF No. 1 at 5.

Regardless of whether Petitioner failed to exhaust this claim in state court, the claim is without merit and should be denied.  Although the trial court, at the plea hearing, did not expressly ask Petitioner if anyone had promised him anything in exchange for his plea, the numerous caveats and questions posed by the court prior to accepting the plea elicited the substance of that information.  The court advised Petitioner that if anyone told him what sentence he would receive or that he would not be sentenced to prison, he could not rely on that information.  Petitioner agreed.  Ex. A at 94.  Petitioner agreed that he had read, understood, and signed the plea agreement form, which stated in pertinent part: ". . . my attorney has not compelled or induced me to enter into this Sentence Recommendation by any force, duress, threats or pressure.  My attorney, the Court and the prosecutor have not made me any promises nor have I relied on any representations as to the actual time I would serve if I were to be incarcerated under the terms of this Sentence Recommendation."  Ex. A at 12.

This case is here not as a claim of trial court error in a faulty plea colloquy but as a claim of ineffective assistance of trial counsel.  Even if counsel's performance was deficient in failing to point out to the trial court that it would be best to inquire directly of Petitioner if any promises were

made, Petitioner cannot meet the second prong of <u>Strickland</u>, which

requires him to demonstrate that but for counsel's error he would not have

entered a plea and would have gone to trial.  Petitioner contends that his

plea was not voluntary and if counsel had required the trial court to inquire

if any promises had been made, it would have been apparent to the court

that the plea was not voluntary, but was based on the promise of a drug

program instead of prison.  However, during the plea colloquy, Petitioner

confirmed, under oath, to the trial court that he signed the sentencing

recommendation and understood all the affirmations he made in it.  Ex. A at

85-86.  Those affirmations included the statement that he was not promised

anything by his counsel.  He also confirmed to the trial court that he would

not rely on any statements to him concerning what sentence he might

receive, and the court correctly recited the maximum possible sentence

Petitioner might receive.

Petitioner has not demonstrated that if the trial court had expressly

asked him about any promises, he would have answered contrary to his

sworn testimony and contrary to the signed sentencing recommendation

agreement—or contrary to his sworn statement that he understood he

could not rely on any promises made to him about the sentence.

Petitioner's sworn testimony at the plea hearing provided a basis for the

trial court to conclude that Petitioner's plea was voluntary and not based on any promises;[4] and, at the conclusion of the plea hearing, the court made a finding that the plea was knowingly, intelligently, and voluntarily entered. Because he has not demonstrated that but for the alleged error of counsel, he would not have pled guilty but would have insisted on going to trial, his claim does not meet the second prong of Strickland. For all these reasons, Petitioner has not demonstrated that he is entitled to § 2254 relief.

## Conclusion

Based on the foregoing, Petitioner Vincent Johnson is not entitled to federal habeas relief. Accordingly, the § 2254 petition (ECF No. 1) should be denied.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific

---

[4] Under Florida law, a court is entitled to rely on sworn statements given by the defendant at the plea hearing, and subsequent allegations that contradict those statements should not be entertained. Tubbs v. State, 229 So. 3d 1256, 1258 (Fla. 1st DCA 2017). Thus, even if this claim had been raised in Petitioner's Rule 3.850 motion, his allegation that the plea was involuntary due to promises of counsel were contradicted by his sworn testimony at the plea hearing, and no reasonable likelihood has been shown that his contradictory claims would have provided the basis for post-conviction relief.

issue or issues that satisfy the showing required by 28 U.S.C.

§ 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still

be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a "substantial showing of the denial of a

constitutional right."  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S.

473, 483-84 (2000) (explaining substantial showing) (citation omitted).

Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the

final order, the court may direct the parties to submit arguments on whether

a certificate should issue."  The parties shall make any argument as to

whether a certificate should issue by objections to this Report and

Recommendation.

Leave to appeal in forma pauperis should also be denied.  *See* Fed.

R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is

filed, the court may certify appeal is not in good faith or party is not

otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that the Court **DENY** the

§ 2254 petition (ECF No. 1).  It is further **RECOMMENDED** that a certificate

of appealability be **DENIED** and that leave to appeal in forma pauperis be

**DENIED**.

    **IN CHAMBERS** at Tallahassee, Florida, on March 23, 2017.


                    **s/ Charles A. Stampelos**
                    **CHARLES A. STAMPELOS**
                    **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

    **Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**